**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
<u>Plaintiff-Appellee,</u>

v.                                                                          No. 97-4237

KRISTEN MCGINNIS,
<u>Defendant-Appellant.</u>

Appeal from the United States District Court
for the Western District of North Carolina, at Asheville.
Lacy H. Thornburg, District Judge.
(CR-95-38)

Submitted: August 29, 1997

Decided: September 16, 1997

Before MURNAGHAN, HAMILTON, and LUTTIG,
Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Charles R. Brewer, Asheville, North Carolina, for Appellant. Mark T.
Calloway, United States Attorney, William Boyum, Assistant United
States Attorney, Asheville, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Kristen McGinnis appeals from the six-month sentence of impris-
onment imposed by the district court after her plea of guilty to con-
spiracy to possess with the intent to distribute lysergic acid
diethylamide ("LSD"), 21 U.S.C. § 846 (1994). She contends that the
prosecutor's reference to a greater quantity of drugs during argument
at the sentencing hearing than the amount the government agreed to
recommend as reasonably foreseeable to McGinnis constituted pro-
secutorial misconduct, which resulted in plain error justifying resen-
tencing. Finding no plain error, we affirm.

In the plea agreement, McGinnis and the government agreed that
the amount of LSD known or reasonably foreseeable to McGinnis
was 210 dosage units or eighty-four milligrams. They further agreed
that her base offense level for this amount of LSD was fourteen,
USSG § 2D1.1(c)(13),* and that she should receive a 2-level reduc-
tion for her minor role in the offense and a 2-level reduction for
acceptance of responsibility. USSG §§ 3B1.2(b), 3E1.1(a). The agree-
ment provided that the government was not required to or prohibited
from taking a position as to the specific form or term of the sentence
to be imposed within the applicable guideline range.

The government and McGinnis stipulated that there is a factual
basis for the plea and that the court may consider the presentence
report in establishing the factual basis. McGinnis waived her rights to
challenge the conviction or sentence on direct appeal or in a post-
conviction action, except for claims of ineffective assistance of coun-
sel or prosecutorial misconduct.

During the sentencing hearing, McGinnis and the government stip-
ulated that the court should consider the evidence in the presentence
report as establishing the factual basis for the plea. The court adopted
the factual findings and the guideline application contained in the pre-
sentence report. During argument as to the form and the term of
McGinnis' sentence, McGinnis argued in favor of a probationary sen-
tence under USSG § 5B1.1(a)(2). The prosecutor argued in favor of

_____
*U.S. Sentencing Guidelines Manual § 2D1.1(c)(13) (Nov. 1995).

an active sentence of imprisonment because, although the plea agreement states that McGinnis is responsible for only 210 dosage units, the presentence report notes that McGinnis was "a dealer of almost 4,000 dosage units." The court then imposed an active term of six months imprisonment. McGinnis appeals, arguing that the prosecutor's reference to the additional quantity of LSD amounted to prosecutorial misconduct warranting resentencing.

Because McGinnis did not object to this alleged misstatement of the evidence, review by this court is limited to plain error. See United States v. Mitchell, 1 F.3d 235, 239 (4th Cir. 1993). To reverse for plain error, this Court must "(1) identify an error; (2) which is plain; (3) which affects substantial rights; and (4) which`seriously affect[s] the fairness, integrity or public reputation of judicial proceedings.'" United States v. Moore, 11 F.3d 475, 481 (4th Cir. 1993) (quoting United States v. Olano, 507 U.S. 725, 732 (1993)).

The evidence in the presentence report--which was stipulated as establishing the factual basis for the plea--attributes McGinnis with purchasing or attempting to purchase 4400 dosage units of LSD. Because the plea agreement did not prohibit the government from arguing for a specific form or term of the sentence to be imposed within the applicable guideline range, the prosecutor's argument based on the stipulated evidence was not a violation of the agreement. See United States v. Francisco, 35 F.3d 116, 120 (4th Cir. 1994) (prosecutor's recitation of evidence and comment thereon proper during argument). The government's agreement as to the amount of LSD attributable to McGinnis for the purpose of determining her base offense level did not preclude the prosecutor from reciting the stipulated evidence of additional drug quantities to argue that McGinnis should serve active jail time as opposed to a probationary-type sentence.

Finding no misconduct in the prosecutor's sentencing argument-- much less plain error on the part of the district court--we affirm McGinnis' sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

3